Weygandt, C. J.
The land here involved consists of eight lots located in the Wickliffe Boulevard subdivision of Austintown township, Mahoning county, Ohio.
On November 2,1948, the people of that township by a vote of 1962 to 479 adopted an ordinance zoning the entire township.
The eight lots in question were zoned for use for residence purposes. Approximately one year thereafter, the lots were purchased by the defendant corporation.
Previous to the adoption of the zoning ordinance, the defendant had purchased certain adjoining lots on which its manufacturing plant was located. On March 6,1948, part of the plant was destroyed by fire. Shortly thereafter certain home owners in the community instituted an action in which they sought to enjoin the defendant corporation from reconstructing its plant on the ground that it constituted a nuisance. The trial court granted the requested injunction. However, the Court of Appeals denied the injunction on the representation of the defendant corporation that it would provide off-street parking space for its employees. Thereafter the defendant sought and obtained a permit to rebuild its plant. This was done.
In the meantime the defendant purchased the eight additional lots for use for parking space for its employees, and the present action was instituted to enjoin such use of these lots.
The defendant corporation contends that under the zoning ordinance provisions it not only is not prohibited from using the eight lots for parking purposes but is required to do so. However, a study of the ordinance fails to disclose a basis for either of these views. These lots are zoned for residence purposes designated as R-2 districts for multiple family dwellings. The various permitted uses are specifically enumerated, *310 and parking space incident to commercial or industrial uses is not among them.
The next contention of the defendant corporation is that the plaintiffs are estopped from obtaining equitable relief in the form of an injunction since a building permit was issued by the zoning commission for the reconstruction of the plant. However, the permit allowed the reconstruction of the plant on the lots on which it stood, and there was no reference to the subsequently acquired eight lots here involved. But the defendant contends that by mere implication the permit contemplated the purchase of additional residential lots by the defendant in order to enable it to provide necessary off-street parking space for its employees. There are at least two answers to this. In the first place the defendant aggravated its own parking problem by substantially enlarging its plant in violation of the provisions of the zoning ordinance. Second, it would lead to a singular result if the defendant, already enjoying a nonconforming use, were permitted to violate the provisions of the zoning ordinance by the purchase of any number of residence lots for use in the operation of its industrial plant.
The final contention of the defendant is that under the decree in the previous litigation the defendant was ordered to use the eight lots for parking space for its employees. That this manifestly is incorrect is disclosed by the following pertinent part of the journa] entry which reads:
“That the measures which the defendant corporation in its supplemental answer filed herein proposes to take in the reconstruction and future operation of said manufacturing plant to eliminate any interference with the interests of plaintiffs are practicable measures to accomplish such purpose; and that the reconstruction and future operation of said manufacturing plant as proposed’in the supplemental answer *311 of defendant corporation will not unreasonably interfere with the interests of plaintiffs and will not constitute an enjoinable nuisance.
“It is therefore ordered, adjudged and decreed that plaintiffs’ petition for an injunction be and it hereby is denied and that plaintiffs’ petition be and it hereby is dismissed.”
The eight residential lots here involved were not mentioned in the decree in the previous litigation and could not well have been, inasmuch as the defendant dicl not even otun or occupy them at that time. Hence, that court did not order the defendant to use these eight lots for parking space.
Under the circumstances in this case the decrees of the lower courts allowing the injunction were not erroneous and must be affirmed.

Judgment affirmed.

Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.